# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOROTHY ROSS, individually and as Surviving spouse of Elmer Ross, deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. CIV-10-1354-R |

## ORDER

This matter comes before the Court on the Motion to Quash and for Protective Order, filed by Defendant. Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

This motion was filed prior to the entry of summary judgment by the Court in favor of the Defendant, which was reversed on appeal and prior to an October 4, 2011 order of the Court granting a motion to compel filed by Plaintiff. The basis for Defendant's motion to quash was that Mr. Ross's violation of Oklahoma statute was the superseding cause of the accident. The Tenth Circuit, however, has concluded that genuine issues of material fact remain for resolution at trial, and this Court is therefore unable to conclude that the issues for which Mrs. Ross sought discovery from the corporate representative are irrelevant to this action.

Defendant alternatively contends that the information sought is subject to a privilege under 23 U.S.C. § 409. The Court ruled in response to the motion to compel filed by Plaintiff that Defendant had not sufficiently established privilege with regard to documents allegedly

protected by § 409 because it failed to include such documents in a privilege log. Furthermore, with regard to the testimony of Defendant's corporate representative, the Court is unable to discern that the § 409 privilege necessarily applies, a burden that is borne by Defendant.

Finally, Defendant contends Plaintiff's claim is preempted by Oklahoma's adoption of the Manual on Uniform Traffic Control devices ("MUTCD"). The Supreme Court held that the federal regulation, 23 C.F.R. § 646.214(b)(1), requiring all warning devices at crossings to comply with the standards set forth in the FHWA's MUTCD, does not by itself preempt state tort actions. *CSX Transportation Company, Inc. v. Easterwood*, 507 U.S. 658, 668-70 (1993). Preemption requires participation of federal resources in installation of the warning devices. *Id.* at 669. Because the issue of federal funding has not been resolved, *see* Defendant's Motion for Extension of Time, Doc. No. 125, the Court is unable to conclude that MUTCD protects Defendant from the discovery as sought by Plaintiff.

Finally, because the Court had not determined whether the crossing was private or public, it cannot at this point conclude that the issue of whether BNSF had a duty to upgrade the warnings is not relevant to the outcome herein.

For the reasons stated herein, Defendant's Motion to Quash [Doc. No. 33] is DENIED.

IT IS SO ORDERED this 23rd day of December, 2013.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE