# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOROTHY ROSS, individually and as Surviving spouse of Elmer Ross, deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. CIV-10-1354-R |

## ORDER

This matter comes before the Court on the Motion to Bifurcate, filed by Defendant. Therein Defendant requests that the Court separate the trial into separate phases for compensatory and punitive damages. Defendant requests that the issue of liability for punitive damages be restricted to the second phase, rather than limiting the second phase to the issue of the amount of punitive damages. Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Rule 42 of the Federal Rules of Civil Procedure permits the Court, in its discretion, to order separate trials on separate issues or claims. Defendant contends in this case that it will promote judicial economy, alleviate prejudice to the Defendant and avoid jury confusion. Although the Court appreciates that Defendant's desire to promote judicial economy, the Court concludes that it will not be difficult to try the issue of liability and the issue of punitive liability in a single stage of this case. Indeed the Court anticipates that the

witnesses needed to establish liability would be the same as the witnesses Plaintiff intends to utilize to establish that she is entitled to punitive damages. Although bifurcation has the potential to shorten the trial time, if Plaintiff does not prevail on the issue of liability, it has the potential to increase the trial time and to result in the inconvenience to witnesses who will either need to be prepared to return on short notice to testify in Defendant's proposed second stage, or who would have to wait during the pendency of the first stage, including jury deliberations, to avoid undue delay caused by absent witnesses. With regard to prejudice to the Defendant, Defendant has not established any extraordinary basis for concluding that it risks being prejudiced by trial of both types of liability in a single stage more than the typical defendant in a case with the potential for punitive damages. Finally, with regard to jury confusion, the Court finds that the issue presented by this case are not overly complex. Although the Court anticipates that potential for testimony from competing expert witnesses, this is not a case where the potential fact patterns are difficult to follow.

For the reasons set forth herein, the Motion to Bifurcate is DENIED.

IT IS SO ORDERED this 23rd day of December, 2013.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE